NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2002 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| TONJIA WINGO, *Plaintiff-Appellant,* | |
| *v.* | No. 3:09-CV-575 JVB |
| CITY OF SOUTH BEND, *Defendant-Appellee.* | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

Tonjia Wingo, a black male, sued his former employer the City of South Bend, for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

5(f)(1), and 42 U.S.C. § 1981. The district court granted summary judgment to the City, and Wingo appeals. Because Wingo did not establish a genuine issue of material fact for trial, we affirm.

Wingo began working as a Youth Sport Coordinator for the City of South Bend in 2002 and had several disciplinary problems during his tenure. In 2007 he received a disciplinary notice for neglecting his work, and in 2009 he received a second disciplinary notice for conduct unbecoming a City employee after he improperly handled City money. Two months later Josephine Merriweather, a coworker, filed a sexual harassment complaint against him, alleging unwelcome sexual advances and physical contact. Merriweather's story was corroborated by the academic program director at the center where both Merriweather and Wingo worked. The City formed a committee to investigate the complaint and held a hearing at which Wingo initially denied the allegations, but later admitted to them and claimed he was "just joking around with her." The committee determined that Wingo knowingly violated the City's sexual harassment policy and violated two other polices by being dishonest during the hearing and refusing to return his keys during the investigation. The City fired Wingo three days later.

Wingo sued the City for race and sex discrimination under Title VII and § 1981, asserting generally that "black males receive harsher judgment." He also argued that the City violated his due process rights by denying him an opportunity to appeal his termination. After discovery, the district court granted the City's motion for summary judgment on the Title VII and § 1981 claims. The court explained that Wingo neither provided direct evidence of a discriminatory motive nor made out a prima facie case of discrimination under the indirect method of proof (by identifying a similarly situated employee who was treated more favorably and showing he was meeting the City's legitimate job expectations). Summary judgment was also appropriate on the due process claim, the court continued, because Wingo was an at-will employee with no protected property interest in continued employment.

On appeal Wingo first argues that the district court should have ordered the City to give him a copy of his deposition before granting summary judgment because, he contends, the City relied on the deposition and he needed the transcript to respond. But contrary to Wingo's assertion, the City did not rely on information from his deposition when it moved for summary judgment, and he does not explain why he needed a transcript of his own deposition to respond. If Wingo needed more discovery to respond to the motion for summary judgment, he could have filed a motion under Federal Rule of Civil Procedure 56(d) explaining why he needed the transcript and the steps he had taken to obtain it. *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, No. 10-1335, 2011 WL 3873768, at *2 (7th Cir.

Sept. 2, 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (applying this rule to pro se litigants); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Wingo also vaguely asserts that summary judgment was inappropriate in that it denied him "his day in court." But summary judgment is appropriate when a nonmovant like Wingo cannot establish the existence of an essential element of a claim. *See Benuzzi v. Bd. of Educ.*, 647 F.3d 652, 662 (7th Cir. 2011). Wingo produced no direct evidence of discrimination, failed to make out a prima facie case of discrimination under the indirect method of proof, and did not establish any protected property interest in continued employment. *See Burnell v. Gates Rubber Co.*, 647 F.3d 704, 708–09 (7th Cir. 2011) (elements of Title VII and § 1981 claims); *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (due process claims).

Accordingly, we **AFFIRM** the judgment of the district court.